Per Curiam.
This action was brought in the New York common pleas by the plaintiff to recover damages against the defendant for negligently causing the death of the intestate, and she claimed a preference upon the trial calendar, under § 791 of the Code, on the ground that she was administratrix, and as such sole plaintiff. Her claim was undoubtedly well founded ; but she is without relief in this court. She has no respondent upon this appeal. The defendant did not oppose her motion for a preference, and did not appear at the general term, and has not appeared in this court Her controversy is with the trial judge. He refused to give her the preference claimed — refused, in substance, to try her case, when she claims she was entitled to have it tried. For such illegal action by the judge, her remedy is not by appeal, but by mandamus to compel him to do his duty. Suppose a trial judge refused to try a case, or puts it over the term upon his own motion, what is the remedy of the party desiring the case to be tried ? Certainly not an appeal from the determination of the judge. He or his court cannot be made a respondent upon an appeal, and the complaining party has no controversy with his adversary. Suppose we should reverse this order, how could our decision be enforced ? No precept of any kind based upon it could be issued for its enforcement. The only way the trial judge could then be moved, if he still persisted, would be by mandamus. The appeal should be dismissed, without costs.
All concur.
Appeal dismissed.